

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 24, 2022

> Application Granted.  The Government shall file a proposed form of order as soon as possible and no later than **5:00 PM on August 29, 2022**, and shall email a courtesy copy to chambers in Word format. The Clerk of the Court is directed terminate the letter motion at docket number 37.
>
> Dated: August 26, 2022
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

**By ECF & EMAIL**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Norman Gray,* **21 Cr. 713 (LGS)**

Dear Judge Schofield:

The Government writes to request that the Court confirm that time was excluded under the Speedy Trial Act, 18 U.S.C. § 3161, during certain periods of time discussed below. The Government has conferred with the defense regarding this application and was informed that the defense takes no position.

Procedural Background

On November 30, 2021, defendant Norman Gray was arrested pursuant to an indictment charging Gray with one count of wire fraud. Gray was presented before United States Magistrate Judge Debra C. Freeman the same day and released on bail conditions. Judge Freeman excluded time under the Speedy Trial Act through December 14, 2021.

On December 8, 2021, the Court filed a scheduling order, providing that Gray must file any motions by March 25, 2022. (Dkt. 13). In light of the potential pretrial motion practice, no trial date was set.

On December 15, 2021, the Court excluded time under the Speedy Trial Act from December 15, 2021 to May 2, 2022, then the date of the parties' next status conference before the Court. (Dkt. 15).

On March 3, 2022, Gray moved for an extension of time in which to file motions in this matter. (Dkt. 21). On March 9, 2022, the Court granted Gray's motion, adjourning his motion deadline until May 24, 2022. (Dkt. 23).

On April 25, 2022, the Court *sua sponte* adjourned the May 2, 2022 status conference until July 11, 2022. (Dkt. 26). The Court did not explicitly exclude time under the Speedy Trial Act, and the Government did not file a motion for exclusion.

August 24, 2022
Page 2

On May 13, 2022, Gray filed a motion for a second extension of time in which to file motions. (Dkt. 27). The filing of this motion tolled the speedy trial clock. *See* 18 U.S.C. § 3161(h)(1)(D). Thus, the period between May 3, 2022 and May 12, 2022—a period of 10 days—has not been explicitly excluded under the Speedy Trial Act.

On May 16, 2022, the Court granted Gray's motion, adjourning his motion deadline until July 22, 2022 and the July 11, 2022 status conference until July 26, 2022. (Dkt. 28). The Court noted that no further extensions to Gray's motion deadline would be granted absent extraordinary circumstances. (*Id*.) The Court did not explicitly exclude time under the Speedy Trial Act, and the Government did not file a motion for exclusion. The Court's resolution of Gray's motion caused the speedy trial clock to resume running on May 17, 2022. *See* 18 U.S.C. § 3161(h)(1)(D). To date, the defendant has filed no motions other than those mentioned herein.

On May 23, 2022, Gray filed a motion to modify his bail conditions. (Dkt. 29). The filing of this motion tolled the speedy trial clock. *See id*. Thus, the period between May 17, 2022 and May 22, 2022—a period of 6 days—has not been explicitly excluded under the Speedy Trial Act.

On May 25, 2022, the Court granted Gray's motion to modify his bail conditions. (Dkt. 30). The Court's resolution of Gray's motion caused the speedy trial clock to resume running on May 26, 2022. See 18 U.S.C. § 3161(h)(1)(D).

On July 26, 2022, the Court *sua sponte* adjourned the status conference scheduled for that day until August 29, 2022. (Dkt. 26). The Court did not explicitly exclude time under the Speedy Trial Act. On or about July 27, 2022, the parties engaged in preliminary discussions about resolving this matter.

On July 28, 2022, the Government moved to exclude time under the Speedy Trial Act from July 28, 2022 through August 29, 2022, the date of the parties' next conference before the Court. (Dkt. 34). The Court granted the motion the same day. (Dkt. 35). Thus, the period between May 26, 2022 and July 27, 2022—a period of 63 days—has not been explicitly excluded under the Speedy Trial Act. In total, 79 days have not been explicitly excluded under the Speedy Trial Act.

As the Court knows, throughout this time period, the Government has been producing discovery to Gray on a rolling basis. (*See* Dkt. 19, 24, 31, 36). Since the Government's last update to the Court on August 5, 2022 (Dkt. 36), the Government has received a substantial amount of responsive records from Gray's company, Vanessa Biotech, and has been working to review those records for production.

Exclusion of Time

The Government respectfully requests that the Court confirm that the Court made the findings necessary to exclude time under 18 U.S.C. § 3161(h)(7) for the periods outlined above—that is: (1) May 3, 2022 through May 12, 2022; (2) May 17, 2022 through May 22, 2022; and (3) May 26, 2022 through July 27, 2022.

August 24, 2022
Page 3

The Speedy Trial Act requires that the findings necessary for the ends-of-justice exception "be made, if only in the judge's mind, before granting the continuance," and that those findings need only "be put on the record by the time a district court rules on a defendant's motion to dismiss." *Zedner v. United States,* 547 U.S. 489, 506–07 (2006); *see also United States v. Hoskins*, No. 20-1061, 2022 WL 3330357, at *8 (2d Cir. Aug. 12, 2022) (reaffirming the validity of the principle that a subsequent articulation of ends-of-justice findings is sufficient); *United States v. Leroux*, 36 F.4th 115, 123 (2d Cir. 2022) (same); *United States v. Levis*, 488 F. App'x 481, 485 (2d Cir. 2012) (finding no violation of the Speedy Trial Act because, before denying the defendant's motion to dismiss, the district court ratified a letter filed by the Government confirming that the court had made the requisite ends-of-justice findings); *United States v. Breen*, 243 F.3d 591, 596 (2d Cir. 2001) (ends-of-justice findings required for Speedy Trial Act continuance "are satisfied by a subsequent articulation" of the findings).

The Government respectfully submits that the ends of justice would be served by explicitly excluding time under the Speedy Trial Act for the periods outlined above. As noted above, the Government was producing discovery to Gray on a rolling basis during these periods of time. On the basis of these rolling productions, Gray sought and obtained two extensions to his motion deadline, ending up with a deadline of July 22, 2022. (*See* Dkt. 23, 28). As the Court is well aware from the parties' periodic status updates, during the lion's share of the periods of time for which the Government requests entry of subsequent ends-of-justice findings, Gray was still contemplating pretrial motion practice, which he ultimately declined to pursue based on the discovery produced to date, as is his right. At a minimum, then, excluding the periods of time outlined above through July 22, 2022, served the ends of justice because there was no trial date during this period and the defendant was considering motions that might make a trial unnecessary or more limited in scope.

The Government also requests the Court explicitly exclude time under the Speedy Trial Act and articulate subsequent ends-of-justice findings for the short time period between July 23, 2022, and July 27, 2022. Excluding this period of time also served the ends of justice in light of the Government's ongoing production of discovery, including the Government's anticipated production of records from Vanessa Biotech, which could result in future motion practice by Gray, and in light of the parties' preliminary settlement negotiations. Again, the Government's rolling discovery production has been brought to the Court's attention on several occasions.

Accordingly, the Government respectfully requests that the Court issue an order confirming that the Court has excluded time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A), with an articulation of the Court's ends-of-justice findings supporting the

August 24, 2022
Page 4

exclusions, for the following periods of time: (1) May 3, 2022 through May 12, 2022; (2) May 17, 2022 through May 22, 2022; and (3) May 26, 2022 through July 27, 2022.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York

By: _____
    Benjamin A. Gianforti
    Assistant United States Attorney
    (212) 637-2490

Cc: Megan Wall-Wolff, Esq., counsel to Norman Gray