# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

---

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-2542

E-mail Address
martin.bell@stblaw.com

VIA E-MAIL

April 18, 2024

Re:   *United States v. Norman Gray*,
No. 21 Cr. 713 (PAE) (S.D.N.Y.)

Hon. Paul A. Engelmayer
United States District Court for the
   Southern District of New York
40 Foley Square
New York, New York 10007

Dear Judge Engelmayer:

      We represent the defendant, Norman Gray. We write to request that the Court direct the Government to provide us with more detailed updates concerning the status of the cellphone it seized from the defendant at the time of his arrest (the "Phone"), and to allow Mr. Gray – to the extent that he makes a renewed application for its return – to submit portions of the application *ex parte* and under seal.

## I.   The Legal Basis for a Potential Renewed Rule 41(g) Application

      The Court denied Mr. Gray's motion, pursuant to Rule 41(g), to return the Phone, at the same time that it quashed the Government's subpoena for the Phone's password. *See* Dkt No. 100. Among other things, the Court effectively observed that cases in which the Government is not responsible for the encryption on the device cannot be – as a categorical matter -- cases in which Rule 41(g) compels the device's return. *Id.* at 8. We respectfully disagree, and have found no law in support of that proposition. Even *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 313 (S.D.N.Y. Dec. 6, 2018) which the Court cites, appears to contemplate *some* end point past which even the Government's encryption efforts can take too much time. ("The Government has *only* possessed the iPhone in question for a matter of months at this point, hardly a constitutionally significant period of time given the encryption difficulties") (emphasis added).

Simpson Thacher & Bartlett LLP

Hon. Paul A. Engelmayer -2- April 18, 2024

Crucially, no court seems to have been asked to evaluate the reasonableness of (1) a cellphone decryption process that may take many months or years to complete, (2) which process occasionally glitches and resets from zero, lengthening that potential timeline, while (3) the phone also likely contains information that the defendant may need in order to prepare for an approaching trial. To the extent that the Court notes that it has yet to see authority under Rule 41(g) requiring the return of a phone on such a basis, we respectfully submit that this appears to be a set of circumstances no court has yet confronted.[1]

Further, the Court noted, "Retention of evidence by the government is proper if the property is needed in an investigation or prosecution," unless these "interests can be satisfied even if the property is returned." *United States* v. *Pearson*, No.04 Cr. 340, 2006 U.S. Dist. LEXIS 32982, *43-44 (N.D.N.Y. May 24, 2006). However, the Government earlier reported that the decryption process glitched and reset at least once, eliminating any progress made to that point. If this has continued to take place, it stands to reason that briefly returning the phone to its owner, with "reasonable conditions to protect access to the property and its use in later proceedings," as Rule 41(g) allows the court to impose, will not prejudice the Government at all.[2] It would, however, afford the Phone's owner the ability to access items he owns and continues to own that may be material to his defense.[3]

---

[1] As the Court surmised in its earlier opinion, we do not contest that the warrant affidavits submitted by the Government contained probable cause for a search. We likewise do not accuse the Government of the usual parade of Fourth Amendment violation horribles – overbreadth or lack of particularity or the like. Rather, we venture into that rarely explored but nevertheless real space of potential violations where, despite the presence of probable cause and the absence of malice or malfeasance, the very way in which the execution of a valid search warrant is carried out can render it constitutionally unreasonable.

[2] The Government's earlier suggestion that a temporary return of the Phoe may result in the deliberate destruction of evidence by a dishonest Mr. Gray ignores that "reasonable conditions" under Rule 41(g) could include directing the handling of the Phone by the undersigned counsel, who would *not* violate federal law by deliberately tampering with evidence.

[3] To the extent that the Government has lamented this scenario as a "unilateral" accessing of the Phone, affording the defendant superior access to its contents than the Government, we note that allowing a homeowner not to turn over the passcode to her wall safe to a warrant-bearing Government agent has the identical effect. When the agents leave the house empty-handed, the homeowner has superior access to the contents of the safe, which she can use for any reason she chooses, including for use in her defense – not by operation of Rule 16 or under *Brady* v. *Maryland*, but by virtue of her ownership of the safe and its contents once the Government's efforts to open the safe have failed. The authority at issue here is not Rule 16 or *Brady* but a Rule 41(g)'s provisions for the return of property – and the Phone is inarguably property.

Simpson Thacher & Bartlett LLP

Hon. Paul A. Engelmayer -3- April 18, 2024

The Court has observed, correctly, that Mr. Gray did not, in his first application, outright claim ownership of the Phone and its contents. The Government's subpoena for the Phone's passcode, pending at the time, and its aggressive wielding of the "foregone conclusion" doctrine at that moment counseled against making such a claim. However, now that the Court has joined Judge Liman in (correctly) clarifying that compulsion of the passcode would violate the Fifth Amendment in any event, Mr. Gray can contemplate a more robust application, complete with specific items the Phone may contain that would tend to aid his defense.

## II. The Government's Unwillingness to Provide Updates

As set forth above, Mr. Gray could file a further motion for the return of the Phone under Rule 42(g). Among other things, if the decryption process has continued to glitch and reset, that fact would lend heft to an argument that the Government's search process has been exhausted, and that it is time for them to walk away from the "wall safe."

Unfortunately, we don't know what's happening with the Phone. The Government will not tell us. We have asked the Government for updates -- including whether the process has continued to glitch and reset and whether it is actually still running, and their most recent position, registered on April 9, 2024 via e-mail, is that "[i]f and when [they] successfully decrypt the phone, [they] will provide [us] with an image and responsive search warrant materials. If and when [they] exhaust [their] ability to attempt to decrypt the phone, [they] will provide [us] with an update at that time." The problem is that we do not know what "exhaustion" means. It's possible that the process has reset 10 times, and that the U.S. Attorney's Office has pressed on, optimistic about the eleventh, with a very different definition of "exhaustion" than we have. And we cannot contemplate a motion such as this one without knowing the facts of how the search has gone.

We therefore ask the Court, in a fashion similar to what it did at Dkt. No. 87, to direct the Government to inform us not only when the decryption process is successful or ends, but whether and when it resets and whether it has reset in the weeks prior to this point, and of any other significant events in the process. That way, the defense can properly weigh whether an updated and more robust Rule 41(g) application is appropriate.

Finally, should a renewed application turn out to be appropriate, we ask for permission to file the portions of the application that concern specific items we anticipate

Simpson Thacher & Bartlett LLP

Hon. Paul A. Engelmayer -4- April 18, 2024

finding on the Phone *ex parte* and under seal (for the moment), so as not to unnecessarily share trial strategy with the Government.

Respectfully submitted,

*/s/ Martin Bell*

Martin S. Bell
Mark J. Stein

cc: Government Counsel (via e-mail)

The Court directs the Government to file a letter updating the Court and the defense as to the status of its attempts to unlock the iPhone by April 22, 2024. It is premature to consider the propriety of a renewed motion under Rule 41(g), *ex parte* or otherwise, before the Court has received such a motion.

SO ORDERED.

Dated: April 18, 2024
       New York, New York

*/s/ Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge