UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------

UNITED STATES OF AMERICA,

-v-

NORMAN GRAY,

Defendant.

------

21 Cr. 713 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed the parties' letters on an issue relating to restitution: whether the $50,000 cash currently on deposit in the Court's registry to secure the appearance bond of defendant Norman Gray is to be applied to Gray's outstanding restitution balance. *See* Dkts. 229–31, 235–36.

The $50,000 cash is properly applied to the restitution balance, for the following reasons.

First, Gray owes restitution. On February 20, 2025, the Court sentenced Gray to 120 months' imprisonment, and, relevant here, to pay $1,533,675 in restitution to Andrea Pizziconi, the victim of his wire fraud scheme, plus a $100 special assessment. Dkt. 213. As of August 19, 2025, Gray's outstanding restitution liability was $1,562,387.12. Dkt. 231 ¶ 6. Gray has not identified a concrete plan, or demonstrated an ability, to pay that balance by other means. On the contrary, as the Government recounts, Gray has refused to make full financial disclosure of his asserted assets. *See* Dkts. 225, 236.

Second, the $50,000 cash is properly applied to restitution. The Government, upon entry of judgment, obtained a lien on all of Gray's property and rights to property up to the amount of the restitution ordered. *See* Dkt. 230 at 2 (citing 18 U.S.C. § 3613(c), (f)). It is undisputed that

1

the $50,000 that Gray deposited to secure his appearance bond is Gray's property, as opposed to that of a third party. It is also undisputed that, with Gray serving his sentence, there is no longer a need for the $50,000 to be held to secure his appearance. There is no legal basis to treat the $50,000 as different from any other asset of Gray's that is available for restitution. *See, e.g., Lavin v. United States*, 299 F.3d 123, 127–28 (2d Cir. 2002) (Government's lien under 18 U.S.C. § 3613 defeated convicted defendant's interest in return of seized cash); *United States v. Ware*, No. 4 Cr. 1224, 2021 WL 3188248, at *1 (S.D.N.Y. Jul. 28, 2021) (court registry funds are not exempt and may be applied to outstanding fine balance pursuant to Government's § 3613 lien).

Third, Gray's pending appeal of his conviction does not warrant a stay of this order. Gray argues otherwise, contending that he would suffer irreparable harm were the $50,000 transferred to Ms. Pizziconi, given the likelihood that she would apply those funds to her urgent needs. The Court, however, has discretion on this point. *See* Fed. R. Crim. P. 38(e)(1) (court may stay restitution order pending appeal "on any terms considered appropriate"). The Court declines to exercise its authority to stay. Gray, whose motion for bail pending appeal was denied, has not identified any colorable issue for appeal. *See generally* Dkt. 188. And Pizziconi, whom Gray defrauded of the sum ordered paid in restitution, has demonstrable urgent needs for this money. *See* Dkt. 236-1. The balance of equities decisively disfavors a stay.

Accordingly, the Court hereby ORDERS that the Clerk of Court shall transfer or otherwise apply the $50,000 held in the Court's registry on behalf of Norman Gray to partially satisfy his outstanding restitution obligations.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: October 2, 2025
       New York, New York