**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

July 6, 2026

**BY ECF & EMAIL**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *United States v. Norman Gray*, S1 21 Cr. 713 (PAE)**

Dear Judge Engelmayer:

As ordered by the Court, the Government writes in response to the defendant's *pro se* motion for return of property, which seeks return of the defendant's cellphone and passport. (Dkt. 257, the "Motion").

For the reasons set forth in detail in the Court's April and May 2024 rulings denying the defendant's motions for return of his cellphone prior to trial, the Government's seizure and retention of the Government's cellphone was lawful under Rule 41 and was necessary for the preservation of evidence prior to trial, particularly given that the cellphone had yet to be decrypted. (*See*, *e.g.*, Order, Dkt. 100 at 7-10 (Apr. 9, 2024); Transcript of Oral Ruling, Dkt. 127 at 95-07 (May 13, 2024)). The defendant has appealed his conviction and seeks, among other things, a new trial. (*See generally* Brief and Special Appendix of Defendant-Appellant, *United States v. Gray*, No. 25-538, Dkt. 34.1). That appeal remains pending. Although the Government believes that the defendant is unlikely to succeed on appeal, if he were to obtain a reversal of his conviction and a new trial, his physical cellphone would continue to have evidentiary value to the Government, including, for example, because the cellphone contains original copies of the data extracted from the device after trial. The cellphone itself could thus be relevant and admissible at a later trial, particularly if the authenticity of those extractions were to be contested. As such—contrary to the defendant's blanket assertion in the Motion—at least until the resolution of the defendant's appeal, the Government continues to have a valid evidentiary need to retain possession of the defendant's cellphone. The Motion for return of the cellphone fails for that reason. (*See*, *e.g.*, Order, Dkt. 100 at 9 (Apr. 9, 2024) (citing *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 313 (S.D.N.Y. 2018) ("The '[r]etention of evidence by the government is proper if the property is needed in an investigation or prosecution unless these 'interests can be satisfied even if the property is returned.' As the Government has been unable to access and image the contents of the iPhone, its interests would be sacrificed by the phone's return." (citation omitted))).

As to the defendant's passport, the Government has confirmed that the Pretrial Services Office remains in possession of the defendant's Jamaican passport and has no objection to

returning the passport to Mr. Gray's designee (given that the defendant remains incarcerated), with a court order.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: _/s/_______________
Jessica Greenwood
Assistant United States Attorney
(212) 637-1090

Cc: Counsel of record (by email)

The Court is persuaded by the Government's letter and accordingly **DENIES** Gray's motion for the return of property, without prejudice to renewal of such a motion following the final disposition of his direct appeal. The Court, however, authorizes the return to Mr. Gray of his passport. The Clerk of Court is requested to terminate the motion at Dkt. No. 256 and to mail a copy of this order to the defendant at the address below:

Norman Gray #76383-509
LSCI - Allenwood
PO Box 1000
White Deer, PA 17887

7/7/2026

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge